█ Ellis Ostrove et al., on Behalf of Themselves and All Other School Teachers in the State of New York Similarly Situated, Appellants, v. New York State Teachers Retirement System, Respondent.— In an action to

declare invalid, unlawful and confiscatory the defendant's practice of utilizing two sets of annuity values or tables to determine the retirement allowance of members of the defendant Retirement System who elect to receive the benefits provided by Option 1 (Education Law, § 513), plaintiffs appeal from two orders of the Supreme Court, Nassau County: (1) an order entered September 10, 1964, which granted the defendant's motion for summary judgment; dismissed the complaint; and directed judgment in defendant's favor, declaring *inter alia* that defendant properly utilizes the various mortality tables adopted by it; and (2) an order entered July 17, 1964, upon "reargument," which adhered to the original determination. (The original determination was actually made prior to July 17, 1964, but the order thereon apparently was not entered until Sept. 10, 1964.) Order of July 17, 1964 reversed, with $10 costs and disbursements, and defendant's motion for summary judgment denied. Appeal from order of September 10, 1964 dismissed, without costs, as academic. That order is superseded by the order of July 17, 1964 which was based on additional papers (cf. *Mascia* v. *Torinese,* 9 A D 2d 772). In our opinion, issues of fact are presented on this motion; such issues may be resolved only upon a trial. (For opinion at Special Term, see 41 Misc 2d 974.) Ughetta, Hill, Rabin and Benjamin, JJ., concur; Beldock, P. J., concurs in the result.